UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


ZAID NASSAR,                              :
               Petitioner      :
        vs.                               :       CIVIL NO. 1:CV-11-0268
                                              :
WILLIAM A. SCISM,                         :       (Judge Caldwell)
                                              :
               Respondent      :


*M E M O R A N D U M*


On February 8, 2011, Petitioner, Zaid Nassar, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 while he was confined at LSCI-Allenwood, White Deer, Pennsylvania. The only relief requested is an injunction preventing his transfer from LSCI-Allenwood to any facility that has a contract with federal immigration authorities. Petitioner requested the injunction so that he would have access to an inmate at LSCI-Allenwood who has been helping him with his challenge to his removal from the United States. Petitioner asserts he will be prejudiced without the assistance of the other inmate because immigration law is complex. On April 7, 2011, Nassar notified the court of his transfer to the D. Ray James Correctional Facility in Folkston, Georgia.

Upon review of the petition, we will dismiss it without requiring an answer from the Respondent.[1]

---

[1] The petition has been given preliminary consideration pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1(b)). *See Patton v. Fenton*, 491 F. Supp. 156, 158-59
(continued...)

By way of some background, Nassar is currently in the custody of the Federal Bureau of Prisons (BOP) for an unspecified crime. The BOP inmate locator indicates he has a release date of July 8, 2012. According to the automated Immigrations Court's Information System,[2] an Immigration Judge ordered Nassar's removal on October 7, 2010. He then filed an appeal with the Board of Immigration Appeals (BIA). Doc. 1-1. The BIA dismissed his appeal on February 9, 2011. On March 2, 2011, Nassar filed a Petition for Review of that order with the Third Circuit Court of Appeals. *See Nassar v. Attorney General*, No. 11-1563 (3d Cir.).

Initially, we note that because Nassar is not challenging his confinement, but simply seeking an injunction against his transfer, he cannot rely on habeas relief under section 2241. *See Corchado v. United States*, No. 10-CV-51, 2010 WL 2557723, at *2 (S.D. Miss. June 23, 2010)(section 2241 does not authorize a court to transfer a petitioner to another BOP facility or to the custody of immigration authorities).

Even if a transfer request were cognizable under section 2241, we could not grant it here. Once a prisoner is sentenced, he is by law "committed to the custody of the [BOP]." 18 U.S.C. § 3621(a). Federal law gives the BOP, not this court, the authority to "designate the place of the prisoner's imprisonment." 18 U.S.C. § 3621(b). "It is well established that the decision where to house inmates is at the core of prison

---

[1](...continued)
(M.D. Pa. 1979). Rule 4 may be applied at the discretion of the district court as it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer. *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970).

[2]   The phone number is 1-800-898-7180. *See* http://www.ice.gov/index.htm

administrators' expertise." *McKune v. Lile*, 536 U.S. 24, 39, 122 S.Ct. 2017, 2027, 153 L.Ed.2d 47 (2002). An inmate does not have a due process right to remain in or be transferred to any particular prison. *See Olim v. Wakinekona*, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983). Thus, to the extent Nassar seeks to prevent his transfer, it is not cognizable as a habeas matter, and further, he has no liberty interest in being housed in any particular BOP facility during his incarceration.

Furthermore, when a plaintiff seeks injunctive relief against prison officials whose control he is no longer subject to or against a prison in which he is no longer housed, there is no longer a live controversy and a court cannot grant that injunctive relief. *See Abdul-Akbar v. Watson*, 4 F.3d 195, 197 (3d Cir. 1993). Thus, Nassar's petition is moot as he has already been transferred from LSCI-Allenwood.

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: April 18, 2011

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

ZAID NASSAR,                            :
              Petitioner    :
     vs.                              :       CIVIL NO. 1:CV-11-0268
                                  :
WILLIAM A. SCISM,              :       (Judge Caldwell)
                                  :
             Respondent   :

*O R D E R*

AND NOW, this 18th day of April, 2011, it is hereby ordered that:

   1.  The Petition for Writ of Habeas Corpus (doc. 1) is dismissed.

   2.  Petitioner's Motion for Leave to Proceed in forma pauperis (doc. 2) is granted.

   3.  The Clerk of Court is directed to close this file.

                                                /s/William W. Caldwell
                                                William W. Caldwell
                                                United States District Judge